TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Catalina Beukema*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catalina Beukema, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; Equifax Information Services, LLC a Georgia corporation; Trans Union, LLC, a Delaware limited liability company; Drivetime Automotive Group, Inc. d/b/a Drivetime Credit Corp., a Delaware corporation; and Bank of America, N.A., a national banking association, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, CATALINA BEUKEMA, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Tucson, Pima County, Arizona.

4. Venue is proper in the District of Arizona, Tucson Division.

## PARTIES

5. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

    b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

c.   Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent Maricopa County, Arizona;

d.   Drivetime Automotive Group, Inc. d/b/a Drive Time Credit Corp., which is a Delaware corporation that maintains a registered agent in Maricopa County, Arizona; and

e.   Bank of America, N.A. ("Bank of America"), which is a national banking association that maintains a registered agent in Maricopa County, Arizona.

## **GENERAL ALLEGATIONS**

6.   The following furnishers are reporting multiple charge offs on Plaintiff's respective credit files as follows:

a.   Trans Union:

i.   Bank of America with account number: 480011599117****

b.   Equifax:

ii.   Drive Time Credit Corp. with account number: 10501037XXXX; and

iii.   Bank of America with account number: 480011599117XXXX.

c.   Experian:

i.   Bank of America with account number: 480011599117….; and

ii.   Drive Time Credit Corp. with account number: 10501037….

7.   The above trade lines are hereinafter referred to as "Errant Trade Lines."

3

8. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times.  Moreover, multiple charge offs act as repeated assaults on Plaintiff's credit score, month after month. While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs.  Each month that a charge off is repeatedly reported as a current derogatory, it has an unduly largely and devastating effect on Plaintiff's credit score.  There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

9. Credit reporting is a collection activity that benefits the lender.  By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate, until she pays the debt.

10. These multiple charge offs convey to any user or prospective of Ms. Beukema's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter.  These repetitive charge off notations are far more punitive and misleading than informative.

11. On or about December 18, 2015, Ms. Beukema obtained her credit files and noticed the multiple charge offs on the Errant Trade Lines.

4

12. On or about January 6, 2016, Ms. Beukema submitted letters to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs"), disputing the multiple charge offs on the Errant Trade Lines.

13. Upon information and belief, the CRAs transmitted Ms. Beukema's consumer disputes to Bank of America and Drive Time Credit Corp.

14. On or about, April 13, 2016, Ms. Beukema obtained her three credit files, which showed that Bank of America retained the multiple charge offs on all three credit files, and Drive Time Credit obtained the multiple charge offs on her Equifax and Experian credit files.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by the CRAs of Ms. Beukema's consumer dispute of the multiple charge offs of the Errant Trade Line, Bank of America negligently failed to conduct a proper investigation of Ms. Beukema's dispute as required by 15 USC 1681s-2(b).

17. Bank of America negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct the CRAs to remove the multiple charge offs from the Errant Trade Line.

5

18. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Beukema's consumer credit files with the CRAs to which it is reporting such trade line.

19. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Ms. Beukema has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Bank of America is liable to Ms. Beukema by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Ms. Beukema has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Bank of America for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by the CRAs that Ms. Beukema disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Ms. Beukema's dispute.

24. Bank of America willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Bank of America's willful failure to perform its duties under the FCRA, Ms. Beukema has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Bank of America is liable to Ms. Beukema for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DRIVE TIME CREDIT CORP

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Experian and Equifax of Ms. Beukema's consumer dispute of the multiple charge offs of the Errant Trade Line, Drive Time Credit

Corp negligently failed to conduct a proper investigation of Ms. Beukema's dispute as required by 15 USC 1681s-2(b).

29. Drive Time Credit Corp negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Equifax to remove the multiple charge offs from the Errant Trade Line.

30. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Beukema's consumer credit files with Experian and Equifax to which it is reporting such trade line.

31. As a direct and proximate cause of Drive Time Credit Corp negligent failure to perform its duties under the FCRA, Ms. Beukema has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. Drive Time Credit Corp is liable to Ms. Beukema by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

33. Ms. Beukema has a private right of action to assert claims against Drive Time Credit Corp arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Drive Time Credit Corp for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DRIVE TIME CREDIT CORP

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Experian and Equifax that Ms. Beukema disputed the accuracy of the information it was providing, Drive Time Credit Corp willfully failed to conduct a proper reinvestigation of Ms. Beukema's dispute.

36. Drive Time Credit Corp willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

37. As a direct and proximate cause of Drive Time Credit Corp willful failure to perform its duties under the FCRA, Ms. Beukema has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. Drive Time Credit Corp is liable to Ms. Beukema for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for

reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Drive Time Credit Corp for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Beukema as that term is defined in 15 USC 1681a.

41. Such reports contained information about Ms. Beukema that was false, misleading, and inaccurate.

42. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Beukema, in violation of 15 USC 1681e(b).

43. After receiving Ms. Beukema's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Beukema has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Experian is liable to Ms. Beukema by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VI</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Beukema as that term is defined in 15 USC 1681a.

48. Such reports contained information about Ms. Beukema that was false, misleading, and inaccurate.

11

49. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Beukema, in violation of 15 USC 1681e(b).

50. After receiving Ms. Beukema's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Beukema has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Experian is liable to Ms. Beukema by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT VII</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY EQUIFAX**

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Beukema as that term is defined in 15 USC 1681a.

55. Such reports contained information about Ms. Beukema that was false, misleading, and inaccurate.

56. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Beukema, in violation of 15 USC 1681e(b).

57. After receiving Ms. Beukema's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Beukema has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Equifax is liable to Ms. Beukema by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

<u>COUNT VIII</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Beukema as that term is defined in 15 USC 1681a.

62. Such reports contained information about Ms. Beukema that was false, misleading, and inaccurate.

63. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Beukema, in violation of 15 USC 1681e(b).

64. After receiving Ms. Beukema's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

65. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Beukema has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

66. Equifax is liable to Ms. Beukema by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Beukema as that term is defined in 15 USC 1681a.

69. Such reports contained information about Ms. Beukema that was false, misleading, and inaccurate.

70. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Beukema, in violation of 15 USC 1681e(b).

71. After receiving Ms. Beukema's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

72. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Beukema has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

73. Trans Union is liable to Ms. Beukema by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT X

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

74. Plaintiff realleges the above paragraphs as if recited verbatim.

75. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Beukema as that term is defined in 15 USC 1681a.

76. Such reports contained information about Ms. Beukema that was false, misleading, and inaccurate.

16

77. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Beukema, in violation of 15 USC 1681e(b).

78. After receiving Ms. Beukema's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

79. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Beukema has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

80. Trans Union is liable to Ms. Beukema by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.


## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

1  DATED: May 31, 2016

2

3

4                                          By: ___/s/  *Trinette G. Kent*_____
                                              Trinette G. Kent
5                                             Attorney for Plaintiff,
                                              Catalina Beukema
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28